IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY CHARLES BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09cv802-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Plaintiff Larry Charles Butler applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 401 *et seq,* and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381, *et seq*. His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. (Tr. 14-20). The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c),

---

[1]    Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES the decision of the Commissioner and REMANDS to the Commissioner for further proceedings.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-two years old at the time of the hearing before the ALJ. Tr. 327. Plaintiff completed his high school education. Tr. 327. The ALJ found that Plaintiff's past relevant work experience includes work as a "laborer." Tr. 18.[5] Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 2, 2006, the alleged onset date of his disability (Step 1). Tr. 43. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "residuals from surgeries on the right elbow and ankle and knee." Tr. 16. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) Tr. 16. Next, the ALJ found that Plaintiff has the RFC to "perform light work . . . except such work that requires standing, walking or sitting longer that [sic] 6 hours in an 8 hour day; work that requires climbing of ropes, ladders or scaffolds; work that requires more than occasional balancing." Tr. 16. Given this RFC, the ALJ determined that Plaintiff can not perform any past relevant work (Step 4). Tr. 18. Next, the ALJ found that, given Plaintiff's age, education, work experience, and RFC, and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy" which Plaintiff can perform. (Step 5) Tr. 18. The ALJ found that such occupations include: "Surveillance

---

[5]     Specifically, Plaintiff has worked as a "production worker," "trash collector," "poultry processor," and in custodial occupations. Tr. 318.

5

monitor," "Parking attendant," "Gate guard," and "Amusement attendant." Tr. 19. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from September 2, 2006, through the date of this decision." Tr. 19.

## IV. PLAINTIFF'S CLAIMS

Plaintiff alleges three errors requiring reversal of the ALJ's decision: (1) "the ALJ failed to properly evaluate the opinions of Dr. Searcy and Dr. DeHaven, both treating physicians;" (2) "the ALJ erred as a matter of law by failing to evaluate [Plaintiff's] depression;" and (3) "new and material evidence submitted to the Appeals Council warrants remand." Pl.'s Brief (Doc. #12) at 1.

## V. DISCUSSION

### A. The ALJ's treatment of Plaintiff's mental impairment of depression.[6]

Plaintiff claims that the ALJ erred in failing to properly consider Plaintiff's impairment of depression, order a consultative psychological exam, and utilize the psychiatric review technique set forth in 20 C.F.R. § 404.1520a-(a) in rendering his decision. Plaintiff's Brief (Doc. #12) at 8-12. The ALJ's opinion is devoid of any mention of depression, including Plaintiff's testimony about his depression and the medical evidence

---

[6] Because the Court finds reversible error with respect to the second issue raised by Plaintiff, the Court pretermits further discussion of Plaintiff's claims about the ALJ's handling of treating physician opinion and whether new evidence submitted to the Appeals Council warrants remand.

related to Plaintiff's depression. Acknowledging this fact, Defendant concedes that "the ALJ erred by not considering Plaintiff's depression, but submits that the error was harmless because if the ALJ had considered Plaintiff's depression, he would have found it caused no limitations on Plaintiff's ability to work." Def.'s Brief (Doc. #13) at 11.

The medical evidence in the record establishes that Plaintiff suffers from depression. Plaintiff has been diagnosed and treated - including the prescription of certain medicines - for depression by his health care providers. *See, e.g.,* Tr. 258, 262, 264, 268, & 276. Furthermore, when asked by the ALJ what ailments would prevent him from working, Plaintiff described his difficulties with knee and back pain and then stated as follows: "And, and, and my depression, I have a little of that, you know, just based upon me not able to function like I used to do in the past. I guess because of the way I was brought up, you know, and it affects me a little bit." Tr. 329. Despite this medical evidence and Plaintiff's testimony, the ALJ failed to address Plaintiff's depression in his opinion.

Upon a showing of a "colorable claim of mental impairment," Social Security regulations require the Commissioner, at all levels of the administrative process, to apply the "special technique" of review set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *See Ehrisman v. Astrue*, 2010 WL 1780248 at *2 (11th Cir. May 5, 2010). Under the "special technique," after determining whether or not the claimant suffers from some mental impairment(s), the Commissioner then rates the degree of functional limitation resulting from the impairment(s). The Commissioner rates the degree of limitation imposed in four distinct

"functional areas" including: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." § 404.1520a(c)(3). The Commissioner uses a five-point scale (none, mild, moderate, marked, and extreme) in rating the first three functional areas, and a four-point scale (none, one, two, three, and four or more) in rating episodes of decompensation. If the degree of limitation found in all of the first three areas is "none" or "mild," and there are no periods of decompensation, then the Commissioner will generally find the impairment not severe. 20 C.F.R. § 1520a(d)(1). If the ALJ's scoring of the claimant's limitations compels a finding that the claimant's mental impairment(s) is severe, the ALJ then proceeds to determine "if it meets or is equivalent in severity to a listed mental disorder." § 1520a(d)(2).

The Commissioner is required to document his application of the special review technique at all stages in the administrative adjudication of a disability claim. 20 C.F.R. § 1520a(e). During the initial stages of review, application of the "special technique" is facilitated by the completion of a Psychiatric Review Technique Form ("PRTF") by a qualified professional. During review by the ALJ, the ALJ is required "to complete a PRTF and append it to the decision, or incorporate its mode of analysis into [the ALJ's] findings and conclusions. Failure to do so requires remand." *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005). Importantly, the ALJ is required to document his or her application of the technique as to each of the given functional areas, and failure to do so precludes judicial review of the ALJ's decision. *Id.* Failure to properly apply the special review

technique requires remand even if the ALJ's ultimate finding that the claimant is not disabled is supported by substantial evidence. *Id.*

In this case, the Court considers Defendant's concession that the ALJ erred in failing to consider Plaintiff's depression an admission that Plaintiff has at least presented a "colorable claim" of a mental impairment. Even if it were not such an admission, the evidence establishes that Plaintiff suffers from depression of some degree, even if less than severe. Accordingly, the ALJ was required by the regulations to "complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." *Moore*, 405 F.3d at 1214. Defendant presents no authority for his proposition that the ALJ's failure to complete a PRTF - let alone even mention Plaintiff's depression - amounts to harmless error. Indeed, in *Moore*, where "the Commissioner concede[d] . . . that the ALJ erred in not completing the PRTF or complying with is mode of analysis," the Eleventh Circuit specifically rejected the Commissioner's argument that such error was harmless and remand unnecessary because "it would require no more than the ALJ's rote completion of the PRTF." *Id.* Instead, the Eleventh Circuit held that, "[b]ecause the ALJ's decision lack[ed] consideration of" the claimant's condition in two of the PRTF's "functional areas," the appellate court could not "even evaluate the Commissioner's contention that the ALJ's error was harmless." *Id.* In this case, as discussed above, the ALJ not only failed to address Plaintiff's condition with respect to the functional areas described in the PRTF, the ALJ failed to even mention or

9

acknowledge Plaintiff's depression in his opinion. Thus, while Defendant might persuasively argue that, had the ALJ considered Plaintiff's depression, he still would have concluded that it "did not cause any limitations on his ability to work," Def.'s Brief (Doc. #13) at 11-12, such argument nevertheless misses the point. The ALJ's failure to follow the "special technique" of review for this claim precludes the Court from considering whether the error was harmless and, hence, "requires remand." *Moore*, 405 F.3d at 1214; *see also Selassie v. Barnhart*, 203 F. App'x 174, 176 (9th Cir. 2006) (rejecting Commissioner's harmless error argument with respect to ALJ's failure to properly apply § 404.1520a(a)(3) because the "specific documentation requirements . . . are not mere technicalities that can be ignored as long as the ALJ reaches the same result it would have if it had followed those requirements.").

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for further proceedings consistent with this opinion. A separate judgment will issue.

DONE this 24th day of June, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE